J-S65033-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| EDWIN JAVIER GUZMAN, JR., | |
| Appellant | No. 267 WDA 2016 |

Appeal from the PCRA Order January 6, 2016
in the Court of Common Pleas of Erie County
Criminal Division at No.: CP-25-CR-0000461-2010

BEFORE:  LAZARUS, J., OLSON, J., and PLATT, J.[*]

MEMORANDUM BY PLATT, J.:                **FILED MAY 08, 2017**

Appellant, Edwin Javier Guzman, Jr., appeals from the order denying his first petition filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S.A. §§ 9541-9546, as untimely.  We affirm.

We take the following relevant facts and procedural history from our independent review of the certified record.  On July 12, 2010, Appellant entered a counseled guilty plea to attempted murder and aggravated assault.  The charges related to Appellant's December 12, 2009 shooting of the victim, resulting in serious injuries, including paralysis.  (**See** N.T. Sentencing, 8/24/10, at 7-8).  On August 24, 2010, the trial court sentenced Appellant to a standard range sentence of not less than ten nor more than

---

[*] Retired Senior Judge assigned to the Superior Court.

twenty years' imprisonment on the attempted murder charge. (*See* Sentencing Order, 8/24/10, at 1; N.T. Sentencing, at 21-22). The aggravated assault conviction merged for sentencing purposes. This Court affirmed Appellant's judgment of sentence on June 1, 2011, and our Supreme Court denied review on November 1, 2011. (*See Commonwealth v. Guzman*, 31 A.3d 732 (Pa. Super. 2011), *appeal denied*, 32 A.3d 1275 (Pa. 2011)).

On September 14, 2015, Appellant filed a *pro se* "Petition to Correct Illegal Sentence Pursuant to the Court's Inherent Jurisdiction to Correct," which the court properly treated as a first PCRA petition. The court appointed PCRA counsel, who filed a supplemental petition on October 20, 2015. On December 10, 2015, the PCRA court issued a notice of its intent to dismiss Appellant's petition without a hearing. *See* Pa.R.Crim.P. 907(1). Appellant did not respond, and the court dismissed the petition as untimely on January 6, 2016. On February 2, 2016, Appellant filed a timely *pro se* notice of appeal although the docket and the record indicated that he was still represented by PCRA counsel. On August 23, 2016, this Court remanded this matter to the PCRA court for it to conduct a *Grazier*[1] hearing to determine if Appellant had knowingly, intelligently, and voluntarily waived his right to counsel. After conducting the hearing, the court found that

---

[1] *Commonwealth v. Grazier*, 713 A.2d 81 (Pa. 1998).

Appellant did not intend to waive his right to counsel and assigned new PCRA counsel to represent him in this appeal. On October 6, 2016, counsel filed an amended statement of errors complained of on appeal pursuant to the PCRA court's order. *See* Pa.R.A.P. 1925(b).[2]

However, counsel failed to file either an advocate's brief or *Turner/Finley*[3] no-merit letter. Therefore, this Court again remanded to the PCRA court for it to conduct a hearing to determine if then-appointed counsel had abandoned Appellant, and to take whatever steps it deemed necessary or appropriate to ensure that Appellant has the representation of counsel for purposes of litigating a first PCRA petition through the entire appellate process. On January 11, 2017, the PCRA court appointed current counsel. After receiving an extension of time within which to do so, counsel filed a brief on Appellant's behalf, and this case is now ripe for our review.

Appellant raises one issue on appeal: "Did the [PCRA] court commit [an] abuse of discretion and reversible error by dismissing [Appellant's] PCRA as untimely, when [Appellant] properly raised an exception, that being

---

[2] On October 10, 2016, the PCRA court filed an amended Rule 1925(a) opinion in which it relied on the reasons stated in its December 10, 2015 notice to dismiss pursuant to Pennsylvania Rule of Criminal Procedure 907(1). *See* Pa.R.A.P. 1925(a).

[3] *Commonwealth v. Turner*, 544 A.2d 927 (Pa. 1988); *Commonwealth v. Finley*, 550 A.2d 213 (Pa. Super. 1988) (*en banc*).

[his] sentence was illegal as it was [a] violation of **Alleyne**,[4] which prohibited imposition of mandatory minimum sentences[?]" (Appellant's Brief, at 1) (unnecessary capitalization omitted).

Before we are able to consider the merits of Appellant's claim on appeal, we must determine whether the PCRA court properly determined that his petition was untimely, and that therefore it did not have jurisdiction to decide its merits.

> We review an order dismissing a petition under the PCRA in the light most favorable to the prevailing party at the PCRA level. This review is limited to the findings of the PCRA court and the evidence of record. We will not disturb a PCRA court's ruling if it is supported by evidence of record and is free of legal error. This Court may affirm a PCRA court's decision on any grounds if the record supports it. We grant great deference to the factual findings of the PCRA court and will not disturb those findings unless they have no support in the record. However, we afford no such deference to its legal conclusions. Further, where the petitioner raises questions of law, our standard of review is *de novo* and our scope of review is plenary.

**Commonwealth v. Rykard**, 55 A.3d 1177, 1183 (Pa. Super. 2012), *appeal denied*, 64 A.3d 631 (Pa. 2013) (citations omitted).

Here, the PCRA court found Appellant's petition was untimely and that he failed to plead and prove any exception to the PCRA time-bar. (**See** Order, 12/10/15). We agree.

It is well-settled that:

---

[4] **Alleyne v. United States**, 133 S.Ct. 2151 (2013).

> A PCRA petition, including a second or subsequent one, must be filed within one year of the date the petitioner's judgment of sentence became final, unless he pleads and proves one of the three exceptions outlined in 42 Pa.C.S.[A.] § 9545(b)(1). A judgment becomes final at the conclusion of direct review by this Court or the United States Supreme Court, or at the expiration of the time for seeking such review. 42 Pa.C.S.[A.] § 9545(b)(3). The PCRA's timeliness requirements are jurisdictional; therefore, a court may not address the merits of the issues raised if the petition was not timely filed. The timeliness requirements apply to all PCRA petitions, regardless of the nature of the individual claims raised therein. The PCRA squarely places upon the petitioner the burden of proving an untimely petition fits within one of the three exceptions.

*Commonwealth v. Jones*, 54 A.3d 14, 16-17 (Pa. 2012) (case citations and footnote omitted).

In the case *sub judice*, Appellant's judgment of sentence became final on January 30, 2012, at the expiration of the time for him to seek review in the United States Supreme Court. *See* U.S. Sup. Ct. R. 13; Pa.R.A.P. 903(a); 42 Pa.C.S.A. § 9545(b)(3). Therefore, he had one year from that date to file a petition for collateral relief unless he pleaded and proved that a timing exception applied. *See* 42 Pa.C.S.A. § 9545(b)(1)(i)-(iii). Hence, Appellant's current petition, filed on September 14, 2015, is untimely on its face and we only will review its merits if he pleads and proves one of the statutory exceptions to the time-bar.

Section 9545 of the PCRA provides only three exceptions that allow for review of an untimely PCRA petition: (1) the petitioner's inability to raise a claim because of governmental interference; (2) the discovery of previously unknown facts that would have supported a claim; and (3) a newly-

- 5 -

recognized constitutional right. *See id.* When a petition is filed outside the one-year time limit, petitioners must plead and prove the applicability of one of the three exceptions to the PCRA timing requirements. *See Commonwealth v. Johnston*, 42 A.3d 1120, 1126 (Pa. Super. 2012) ("If the petition is determined to be untimely, and no exception has been pled and proven, the petition must be dismissed without a hearing because Pennsylvania courts are without jurisdiction to consider the merits of the petition.") (citation omitted). Also, a PCRA petition invoking one of these statutory exceptions must "be filed within [sixty] days of the date the claim could have been presented." 42 Pa.C.S.A. § 9545(b)(2).

Here, Appellant attempts to claim the applicability of the newly-discovered constitutional right exception. (*See* Appellant's Brief, at 3); *see also* 42 Pa.C.S.A. § 9545(b)(1)(iii). Specifically, he alleges that the United States Supreme Court's reasoning in *Alleyne*, *supra*, should be applied retroactively to his case.[5] (*See* Appellant's Brief, at 3-5). However, this claim is unavailing because Appellant has failed to plead and prove the applicability of Section 9545(b)(1)(iii).

It is well-settled that:

---

[5] The Supreme Court decided *Alleyne* on June 17, 2013. Appellant filed the instant petition over two years later, on September 14, 2015, thus violating the sixty-day requirement of 42 Pa.C.S.A. § 9545(b)(2). *See* 42 Pa.C.S.A. § 9545(b)(2).

> Subsection (iii) of Section 9545[(b)(1)] has two requirements. First, it provides that the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or th[e Pennsylvania Supreme C]ourt after the time provided in this section. Second, it provides that the right "has been held" by "that court" to apply retroactively. **Thus, a petitioner must prove that there is a "new" constitutional right and that the right "has been held" by that court to apply retroactively . . . to cases on collateral review.** . . .

*Commonwealth v. Leggett*, 16 A.3d 1144, 1147 (Pa. Super. 2011) (citation omitted) (emphasis in original).

In *Alleyne*, the Supreme Court of the United States held that "facts that increase mandatory minimum sentences must be submitted to the jury" and must be found beyond a reasonable doubt. *Alleyne*, *supra* at 2163. "The *Alleyne* decision, therefore, renders those Pennsylvania mandatory minimum sentencing statutes that do not pertain to prior convictions constitutionally infirm insofar as they permit a judge to automatically increase a defendant's sentence based on a preponderance of the evidence standard." *Commonwealth v. Watley*, 81 A.3d 108, 117 (Pa. Super. 2013) (*en banc*), *appeal denied*, 95 A.3d 277 (Pa. 2014) (footnotes omitted).

As a preliminary matter, we observe that there is nothing in the record to suggest that Appellant is serving a mandatory sentence. Appellant pleaded guilty to attempted murder and aggravated assault. (*See* N.T. Guilty Plea, 7/12/10, at 10). Although the aggravated assault charge carried a mandatory minimum term of not less than five, nor more than ten years'

incarceration, the court expressly declined to sentence Appellant pursuant to those terms. (*See* N.T. Sentencing, at 20). Instead, the court sentenced Appellant to a term of not less than ten nor more than twenty years' incarceration on the attempted murder conviction, and merged the aggravated assault charge. (*See id.* at 20-21). Therefore, the holding of *Alleyne* does not apply to Appellant's case.

Moreover, in considering whether *Alleyne* provides an exception to the PCRA time-bar, our Pennsylvania Supreme Court expressly held, "*Alleyne* does not apply retroactively to cases pending on collateral review[.]" *Commonwealth v. Washington*, 142 A.3d 810, 820 (Pa. 2016); *see also Commonwealth v. Whitehawk*, 146 A.3d 266, 271 (Pa. Super. 2016).

Therefore, even if he were serving a mandatory sentence, Appellant's reliance on *Alleyne* would be fatal to his claim. *See Washington*, *supra* at 820; *Whitehawk*, *supra* at 271. Hence, because Appellant failed to plead and prove the applicability of a PCRA timeliness exception, we conclude that the PCRA court properly dismissed his untimely petition without a hearing on the basis that it lacked jurisdiction. *See Johnston*, *supra* at 1126.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 5/8/2017